UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>QUINTERO, et al.,<br><br>Defendants. | **1:21-cv-01407-GSA-PC**<br><br>**ORDER FOR CLERK OF COURT TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.     BACKGROUND**

Sammy R. Quair, Sr. ("Plaintiff") is a Kings County Jail inmate proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 22, 2021, Plaintiff filed the Complaint commencing this action, together with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)

**II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA,[1] "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and

---

[1] Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

2

other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

### III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The Court takes judicial notice of the following three cases:

(1) Quair, Sr. v. Vento, et al., No. 1:14-cv-01616-AWI-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on March 21, 2017);

(2) Quair, Sr. v. Board of Supervisors, et al., No. 1:19-cv-00902-DAD-SKO (PC) (E.D. Cal.) (dismissed for failure to state a claim on July 6, 2020); and

(3) Quair, Sr. v. Board of Supervisors, et al., No. 1:19-cv-00993-DAD-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on August 11, 2020).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has carefully reviewed Plaintiff's Complaint and finds it does not contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." Cervantes, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff alleges in the Complaint that he came to the Kings County Jail in 2021. The Jail was on a quarantine lockdown because of Covid 19. Upon going to court Plaintiff was shackled at his legs and waist chains, in hand cuffs and leg cuffs. Deputy Quintero, the District Attorney, Plaintiff's court-appointed counsel, and the Judge were there. After the court hearing Plaintiff attempted to speak with his attorney but Deputy Quintero interrupted the conversation.

Deputy Quintero grabbed Plaintiff by the back of his jumpsuit, picked him up and slammed him against the door. Plaintiff assumes that Deputy Quintero wanted to retaliate against Plaintiff for filing a lawsuit against him and other officers. Plaintiff asked for medical attention and instead was released from custody without a medical clearance.

Plaintiff was moved again and Officer Anderson passed him up "for day room." Because Plaintiff was retaliated against, another inmate slipped and fell backward onto his head.

These claims fail to plausibly meet § 1915(g)'s exception for imminent danger. See Cervantes, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); Prophet v. Clark, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). Plaintiff has not alleged facts showing that he faced a real, present threat of serious physical injury by Deputy Quintero of anyone else at the time he filed his Complaint. Plaintiff's assertion that he was injured by Deputy Quintero is insufficient, without more, to show an ongoing pattern of behavior by Deputy Quintero that placed Plaintiff in imminent danger of serious physical injury. Accordingly, Plaintiff's allegations are insufficient to survive the "three strikes provision."

Therefore, the court finds that Plaintiff may not proceed *in forma pauperis* with this action and must submit the appropriate filing fee in order to proceed with this action. Accordingly,

Plaintiff should be denied leave to proceed *in forma pauperis* and should be required to pay the $402.00 filing fee in full before proceeding with this case.

## IV. ORDER, RECOMMENDATIONS, AND CONCLUSION

### A. Order

The Clerk of Court is ordered to randomly assign a United States District Judge to this case.

### B. Recommendations and Conclusion

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Plaintiff be denied leave to proceed *in forma pauperis* with this case under 28 U.S.C. § 1915(g);
2. Plaintiff be required to submit the $402.00 filing fee for this case in full within thirty days; and
3. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 24, 2021**           /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE